UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SIARHEI PATAPAU,<br>TIMUR SAFIN,<br>DMITRY FEDOSEEV, and<br>IRINA FEDOSEEVA,<br><br>    Defendants. | CR No. 16-CR16-0339<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1029(b)(2): Conspiracy to Use Unauthorized Access Devices; 18 U.S.C. § 1029(a)(2): Use of Unauthorized Access Devices; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Counterfeit or Unauthorized Access Devices; 18 U.S.C. § 1029(a)(4): Possession of Device-Making Equipment; 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. §§ 982(a)(2) and 1028(b)(5): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1029(b)(2)]

A. THE OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury and continuing to on or about April 21, 2016, in Los Angeles, San Bernardino, and Riverside Counties, within the Central District of California, and

elsewhere, defendants SIARHEI PATAPAU ("PATAPAU"), TIMUR SAFIN ("SAFIN"), DMITRY FEDOSEEV ("FEDOSEEV"), and IRINA FEDOSEEVA ("FEDOSEEVA"), together with others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and with intent to defraud use unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(2).

B.  THE MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was carried out, and was to be carried out, in substance as follows:

1. Persons known and unknown to the Grand Jury would access, without authorization, an online software platform used by companies responsible for managing flexible spending accounts and dependent care accounts for client companies.

2. After accessing the software platform, persons known and unknown to the Grand Jury would re-activate dormant dependent care accounts for former employees of the client companies.

3. Persons known and unknown to the Grand Jury would then cause fraudulent and unauthorized access devices, that is, credit and debit cards in the names of persons linked to the re-activated dependent care accounts, to be issued.

4. Persons known and unknown to the Grand Jury would set the spending limits on these fraudulent and unauthorized cards between approximately $500,000 and $5,000,000, causing them to function as credit and debit cards with limits between approximately $500,000 and $5,000,000.

5. Persons known and unknown to the Grand Jury would then cause the fraudulent and unauthorized cards to be sent to various locations.

6. Defendants PATAPAU, SAFIN, FEDOSEEV, and FEDOSEEVA would obtain from the locations to which the cards were sent, or from others known and unknown to the Grand Jury, the fraudulent and unauthorized cards.

7. Defendant PATAPAU, and others known and unknown to the Grand Jury, would possess identification documents and personal identifying information for persons in whose names the fraudulent and unauthorized cards were issued.

8. Defendants PATAPAU, SAFIN, FEDOSEEV, and FEDOSEEVA, and others known and unknown to the Grand Jury, would use the fraudulent and unauthorized cards to purchase goods at retail stores, such as Best Buy, Apple, Home Depot, and Target.

9. Defendant FEDOSEEVA would re-sell some of items purchased at retail stores to other individuals using online marketplaces, such as Craigslist and eBay.

10. Defendant FEDOSEEV would, on occasion, return items purchased using the fraudulent and unauthorized cards in exchange for gift cards.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants PATAPAU, SAFIN, FEDOSEEV, and FEDOSEEVA, together with others known and unknown to the Grand Jury, on or about the dates set forth below, committed various overt acts in Los Angeles, San Bernardino, and Riverside Counties, within the Central District of California and elsewhere, including, but not limited to, the following:

Overt Act No. 1: Between on or about December 18, 2015 and January 16, 2016, unindicted co-conspirators accessed a software

3

system used to manage flexible spending accounts and dependent care accounts, and caused fraudulent and unauthorized access devices, that is, credit and debit cards in the names of other persons and linked to employee dependent care accounts, to be sent in the names of other persons to various locations. These cards included, but were not limited to, a MasterCard ending in 4504, which was issued in the name of D.Z. ("MasterCard 4504"); a MasterCard ending in 8116, which was issued in the name of A.C.W ("MasterCard 8116"), and a MasterCard ending in 6977, which was issued in the name of A.K. ("MasterCard 6977").

Overt Act No. 2: On or about January 16, 2016, defendant PATAPAU purchased approximately $17,144.22 in goods from Greenmile Hydro Organics in San Bernardino, California using MasterCard 4504.

Overt Act No. 3: On or about January 16, 2016, defendant PATAPAU purchased approximately $14,465.62 in goods from Green Forest Hydroponics in Riverside, California using MasterCard 4504.

Overt Act No. 4: On or about January 16, 2016, defendant PATAPAU purchased approximately $2,936.46 in goods from a Home Depot store in Monrovia, California using MasterCard 4504.

Overt Act No. 5: On or about January 16, 2016, defendant PATAPAU purchased approximately $3,382.24 in goods from a Home Depot store in Monrovia, California using MasterCard 4504.

Overt Act No. 6: On or about January 16, 2016, defendant PATAPAU purchased approximately $3,159.70 in goods from a Target store in Duarte, California using MasterCard 4504.

Overt Act No. 7: On or about January 16, 2016, defendant PATAPAU purchased approximately $2,589.13 in goods from a Target store in Azusa, California using MasterCard 4504.

     Overt Act No. 8: On or about January 16, 2016, defendant PATAPAU purchased approximately $584.78 in goods from a Target store in Los Angeles, California using MasterCard 4504.

     Overt Act No. 9: On or about January 16, 2016, defendant SAFIN purchased approximately $7,057.11 in goods from a Best Buy store in Hawthorne, California using MasterCard 6977.

     Overt Act No. 10: On or about January 16, 2016, defendant SAFIN purchased approximately $4,798.87 in goods from a Best Buy store in El Segundo, California using MasterCard 6977.

     Overt Act No. 11: On or about January 16, 2016, defendant SAFIN purchased approximately $5,260.95 in goods from a Best Buy store in Culver City, California using MasterCard 6977.

     Overt Act No. 12: On or about January 16, 2016, defendant SAFIN purchased approximately $7,544.55 in goods from a Best Buy store in Los Angeles, California using MasterCard 6977.

     Overt Act No. 13: On or about January 16, 2016, defendant SAFIN purchased approximately $1,556.49 in goods from a Best Buy store in Sherman Oaks, California using MasterCard 6977.

     Overt Act No. 14: On or about January 16, 2016, defendant SAFIN purchased approximately $8,150.51 in goods from a Best Buy store in Northridge, California using MasterCard 6977.

     Overt Act No. 15: On or about January 16, 2016, defendant SAFIN purchased approximately $6,214.78 in goods from a Best Buy store in Northridge, California using MasterCard 6977.

     Overt Act No. 16: On or about January 16, 2016, defendant FEDOSEEVA attempted to sell a MacBook Pro laptop computer through Craigslist to another individual.

//

1      <u>Overt Act No. 17</u>:  On or about January 17, 2016, defendant
2  PATAPAU purchased approximately $1,954.11 in goods from a Target
3  store in Los Angeles, California using MasterCard 4504.
4      <u>Overt Act No. 18</u>:  On or about January 17, 2016, defendant
5  PATAPAU purchased approximately $2,658.62 in goods from a Target
6  store in West Hollywood, California using MasterCard 4504.
7      <u>Overt Act No. 19</u>:  On or about January 17, 2016, defendant
8  PATAPAU purchased approximately $3,111.95 in goods from a Home Depot
9  store in Hollywood, California using MasterCard 4504.
10     <u>Overt Act No. 20</u>:  On or about January 17, 2016, defendant
11 PATAPAU purchased approximately $5,176.14 in goods from an Apple
12 store in Los Angeles, California using MasterCard 4504.
13     <u>Overt Act No. 21</u>:  On or about January 17, 2016, defendant
14 PATAPAU purchased approximately $9,072.98 in goods from an Apple
15 store in Los Angeles, California using MasterCard 4504.
16     <u>Overt Act No. 22</u>:  On or about January 17, 2016, defendant
17 PATAPAU purchased approximately $10,472.73 in goods from an Apple
18 store in Los Angeles, California using MasterCard 4504.
19     <u>Overt Act No. 23</u>:  On or about January 17, 2016, defendant
20 PATAPAU purchased approximately $17,454.55 in goods from an Apple
21 store in Los Angeles, California using MasterCard 4504.
22     <u>Overt Act No. 24</u>:  On or about January 17, 2016, defendant
23 PATAPAU purchased approximately $6,112.55 in goods from a Best Buy
24 store in West Hollywood, California using MasterCard 4504.
25     <u>Overt Act No. 25</u>:  On or about January 17, 2016, defendant
26 PATAPAU purchased approximately $2,098.16 in goods from a Target
27 store in West Hollywood, California using MasterCard 4504.
28 //

1    Overt Act No. 26:    On or about January 17, 2016, defendant
2  PATAPAU purchased approximately $2,840.28 in goods from a Home Depot
3  store in Hollywood, California using MasterCard 4504.
4    Overt Act No. 27:    On or about January 17, 2016, defendant
5  PATAPAU purchased approximately $2,413.39 in goods from a Target
6  store in Los Angeles, California using MasterCard 4504.
7    Overt Act No. 28:    On or about January 17, 2016, defendant
8  SAFIN purchased approximately $6,287.77 in goods from a Best Buy
9  store in Los Angeles, California using MasterCard 6977.
10   Overt Act No. 29:    On or about January 17, 2016, defendant
11 SAFIN purchased approximately $10,075.60 in goods from an Apple store
12 in Glendale, California using MasterCard 6977.
13   Overt Act No. 30:    On or about January 17, 2016, defendant
14 SAFIN purchased approximately $10,896.10 in goods from an Apple store
15 in Pasadena, California using MasterCard 6977.
16   Overt Act No. 31:    On or about January 17, 2016, defendant
17 SAFIN purchased approximately $8,970.92 in goods from a Best Buy
18 store in Pasadena, California using MasterCard 6977.
19   Overt Act No. 32:    On or about January 17, 2016, defendant
20 SAFIN purchased approximately $2,674.86 in goods from an Apple store
21 in Sherman Oaks, California using MasterCard 6977.
22   Overt Act No. 33:    On or about January 17, 2016, defendant
23 SAFIN purchased approximately $8,296.66 in goods from a Best Buy
24 store in Sherman Oaks, California using MasterCard 6977.
25   Overt Act No. 34:    On or about January 17, 2016, defendant
26 SAFIN purchased approximately $5,015.54 in goods from a Target store
27 in Los Angeles, California using MasterCard 6977.
28 //

Overt Act No. 35: On or about January 17, 2016, defendant FEDOSEEV purchased approximately $8,697.64 in goods from a Magnolia Design Center within a Best Buy store in West Hollywood, California using MasterCard 8116.

Overt Act No. 36: On or about January 17, 2016, defendant FEDOSEEV purchased approximately $12,109.20 in goods from a Best Buy store in West Hollywood, California using MasterCard 8116.

Overt Act No. 37: On or about January 17, 2016, defendants FEDOSEEV and FEDOSEEVA purchased approximately $45,127.09 in goods from Rapport International Furniture in Los Angeles, California using MasterCard 8116.

Overt Act No. 38: On or about January 18, 2016, defendant PATAPAU purchased approximately $1,466.05 in goods from a Home Depot store in Canoga Park, California using MasterCard 4504.

Overt Act No. 39: On or about January 18, 2016, defendant PATAPAU purchased approximately $2,921.10 in goods from a Home Depot store in Woodland Hills, California using MasterCard 4504.

Overt Act No. 40: On or about January 18, 2016, defendant PATAPAU purchased approximately $3,223.13 in goods from a Home Depot store in West Hills, California using MasterCard 4504.

Overt Act No. 41: On or about January 29, 2016, defendant FEDOSEEV returned approximately $3,586.07 in goods originally purchased using MasterCard 6977 to a Best Buy store in West Hollywood, California in exchange for credit on gift cards.

Overt Act No. 42: On or about January 29, 2016, defendant FEDOSEEV returned approximately $1,072.41 in goods originally purchased using MasterCard 6977 to a Best Buy store in Culver City, California in exchange for credit on a gift card.

1       Overt Act No. 43:   On or about January 29, 2016, defendant
2  FEDOSEEV returned approximately $1,373.39 in goods originally
3  purchased using MasterCard 6977 to a Best Buy store in Los Angeles,
4  California in exchange for credit on a gift card.
5       Overt Act No. 44:   On or about January 30, 2016, defendant
6  FEDOSEEV returned approximately $1,743.99 in goods originally
7  purchased using MasterCard 6977 to a Best Buy store in West
8  Hollywood, California in exchange for credit on a gift card.
9       Overt Act No. 45:   On or about January 30, 2016, defendant
10 FEDOSEEV returned approximately $3,245.99 in goods originally
11 purchased using MasterCard 6977 to a Best Buy store in Burbank,
12 California in exchange for credit on gift cards.
13      Overt Act No. 46:   On or about February 23, 2016, defendant
14 FEDOSEEVA possessed a notebook recording the descriptions of
15 electronic and other items sold by defendant FEDOSEEVA using online
16 marketplaces, including Craigslist.
17      Overt Act No. 47:   On or about April 19, 2016, defendant
18 PATAPAU possessed, in his home, paperwork bearing the name of D.Z.,
19 including, but not limited to, a photocopy of a Washington State
20 Identification Card and a direct deposit pay stub, and a Bank of
21 America account statement.
22      Overt Act No. 48:   On or about April 19, 2016, defendant
23 PATAPAU possessed, in his home, an American Express credit card
24 issued in the name of D.Z., but which had defendant SAFIN's
25 photograph on the back.
26      Overt Act No. 49:   On or about April 19, 2016, defendant
27 PATAPAU possessed, in a safe in his home, a photograph of defendant
28 SAFIN.

1    Overt Act No. 50:   On or about April 19, 2016, defendant
2  PATAPAU possessed, in his vehicle, mail and credit and debit cards in
3  the name of D.Z.
4    Overt Act No. 51:   On or about April 19, 2016, defendant
5  PATAPAU possessed, in his home, approximately 525 credit and debit
6  cards in the names of others, including D.Z.
7    Overt Act No. 52:   On or about April 19, 2016, defendants
8  FEDOSEEV and FEDOSEEVA possessed, in their home, approximately 442
9  credit and debit cards, including MasterCard 8116, in the names of
10 others.

COUNTS TWO THROUGH SEVEN

[18 U.S.C. § 1029(a)(2)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants SIARHEI PATAPAU ("PATAPAU"), TIMUR SAFIN ("SAFIN"), DMITRY FEDOSEEV ("FEDOSEEV"), and IRINIA FEDOSEEVA ("FEDOSEEVA"), in transactions affecting interstate and foreign commerce, knowingly and with intent to defraud, used unauthorized access devices, as defined in Title 18, United States Code, Sections 1029(e)(1) and (3), and by such conduct obtained things of value, their value together totaling $1,000 or more on each date:

| COUNT | DEFENDANT/S | DATE | ACT |
|---|---|---|---|
| TWO | PATAPAU | 1/17/2016 | Purchased approximately $9,072.98 in goods from an Apple Store in Los Angeles, California using a MasterCard ending in 4504 in the name of D.Z. |
| THREE | PATAPAU | 1/17/2016 | Purchased approximately $17,454.55 in goods from an Apple store in Los Angeles, California using a MasterCard ending in 4504 in the name of D.Z. |
| FOUR | SAFIN | 1/17/2016 | Purchased approximately $10,075.60 in goods from an Apple store in Glendale, California using a MasterCard ending in 6977 in the name of A.K. |
| FIVE | SAFIN | 1/17/2016 | Purchased approximately $10,896.10 in goods from an Apple store in Pasadena, California using a MasterCard ending in 6977 in the name of A.K. |
| SIX | FEDOSEEV and FEDOSEEVA | 1/17/2016 | Purchased approximately $45,127.09 in goods from Rapport International |

| | | | |
|---|---|---|---|
| | | | Furniture in Los Angeles, California using a MasterCard ending in 8116 in the name of A.C.W. |
| SEVEN | FEDOSEEV | 1/17/2016 | Purchased approximately $12,109.20 in goods from a Best Buy store in West Hollywood, California using a MasterCard ending in 8116 in the name of A.C.W. |

## COUNT EIGHT

[18 U.S.C. § 1029(a)(3)]

On or about April 19, 2016, in Los Angeles County, within the Central District of California, defendant SIARHEI PATAPAU ("PATAPAU"), knowingly and with intent to defraud, possessed at least 15 unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 525 credit and debit cards, 33 bank account numbers, and 29 social security numbers, in the names of and belonging to persons other than defendant PATAPAU, with said possession affecting interstate and foreign commerce.

|   |   |
|---|---|
| 1 | COUNT NINE |
| 2 | [18 U.S.C. § 1029(a)(3); 18 U.S.C. § 2(a)] |

3  On or about April 19, 2016, in Los Angeles County, within the Central District of California, defendants DMITRY FEDOSEEV ("FEDOSEEV") and IRINA FEDOSEEVA ("FEDOSEEVA"), each aiding and abetting the other, knowingly and with intent to defraud, possessed at least 15 counterfeit and unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1), (2), and (3)), namely, approximately 442 credit and debit cards, in the names of and belonging to persons other than defendants FEDOSEEV and FEDOSEEVA, and approximately 77 gift cards that had been re-encoded with the names and account numbers of persons other than defendants FEDOSEEV and FEDOSEEVA, with said possession affecting interstate and foreign commerce.

## COUNT TEN

[18 U.S.C. § 1029(a)(4); 18 U.S.C. § 2(a)]

On or about April 19, 2016, in Los Angeles County, within the Central District of California, defendants DMITRY FEDOSEEV and IRINA FEDOSEEVA, each aiding and abetting the other, knowingly and with intent to defraud, had control and custody of, and possessed, device-making equipment, as defined in Title 18, United States Code, Section 1029(e)(6), namely an MSR X6 magnetic credit card reader-writer, with said control, custody, and possession affecting interstate and foreign commerce.

## COUNT ELEVEN

[18 U.S.C. § 1028A]

On or about April 19, 2016, in Los Angeles County, within the Central District of California, defendant SIARHEI PATAPAU ("PATAPAU") knowingly possessed, without lawful authority, a means of identification that defendant PATAPAU knew belonged to another person, namely, the name and date of birth of D.Z., contained on a photocopies of a Washington State Identification Card and a direct deposit check stub, and on a Bank of America statement and commercial invoices, during and in relation to the offense of Conspiracy to Use Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(b)(2), as charged in Count One of this Indictment.

## COUNT TWELVE

[18 U.S.C. § 1028A]

On or about April 19, 2016, in Los Angeles County, within the Central District of California, defendant SIARHEI PATAPAU ("PATAPAU") knowingly possessed, without lawful authority, a means of identification that defendant PATAPAU knew belonged to another person, namely, the name, date of birth, Republic of Kazakhstan passport number, and Republic of Kazakhstan driver's license number of P.P., contained on photocopies of a Republic of Kazakhstan passport, a Republic of Kazakhstan driver's license, and a United States social security card, and on a printed email, during and in relation to the offense of Possession of Fifteen or More Counterfeit or Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Eight of this Indictment.

## COUNT THIRTEEN

[18 U.S.C. § 1028A; 18 U.S.C. § 2(a)]

Beginning on a date unknown to the Grand Jury and continuing to on or about April 19, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendants DMITRY FEDOSEEV ("FEDOSEEV") and IRINA FEDOSEEVA ("FEDOSEEVA"), each aiding and abetting the other, knowingly possessed, without lawful authority, means of identification that defendants FEDOSEEV and FEDOSEEVA knew belonged to other persons, namely, the names of credit and debit cardholders that were re-encoded on approximately 77 gift cards, during and in relation to the offense of Possession of Fifteen or More Counterfeit or Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Nine of this Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. §§ 982(a)(2) and 1028(b)(5)]

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendants that the United States of America will seek forfeiture as part of any sentence, in the event of any defendant's conviction on any of Counts One through Ten of this Indictment, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1028(b)(5).

Each defendant convicted of an offense charged in Counts One through Ten of this Indictment, shall forfeit to the United States the following property:

    a. All right, title, and interest to any and all property, real and personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense;

    b. Any property used or intended to be used to commit the offense; and/or,

    c. A sum of money equal to the total amount value of property subject to forfeiture for each offense for which each defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted shall be jointly and severally liable for this amount.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(2), each defendant so convicted of an offense charged in Counts One through Ten of this Indictment shall forfeit substitute property up to the total value of the property described in paragraph 2(c) if, by any act or omission of said defendant, the property described in

paragraph 2(a), or any portion thereof, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Foreperson

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

LIZABETH A. RHODES
Assistant United States Attorney
Chief, General Crimes Section

CAMERON L. SCHROEDER
Assistant United States Attorney
Deputy Chief, General Crimes Section

ANIL J. ANTONY
Assistant United States Attorney
General Crimes Section